USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6-9-16

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------- X
UNITED STATES OF AMERICA,        :
                                 :
        -against-                :   No. 13 Cr. 170 (JFK)
                                 :
GEORGE IOSIFIDIS,                :   OPINION & ORDER
                                 :
                    Defendant.   :
-------------------------------- X
```

**JOHN F. KEENAN, United States District Judge:**

Before the Court is a letter dated May 24, 2016, from Defendant George Iosifidis ("Iosifidis") enclosing various medical records for the time period from February 23, 2015, through March 18, 2016. Iosifidis's letter asks the Court to reduce his sentence or to place him in home confinement for the remainder of his sentence. The Court construes Iosifidis's letter as a pro se motion to modify his sentence pursuant to 18 U.S.C. § 3582(c). For the reasons stated below, the motion is DENIED without prejudice.

## I. Background

On March 13, 2013, Iosifidis waived indictment and was arraigned on an information charging one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1343 (Count One); three counts of wire fraud in violation of 18 U.S.C. §§ 1343 and 2 (Counts Two through Four); and one count of destruction of records in a federal investigation in violation of 18 U.S.C. § 1512(c) (Count Five).

On June 11, 2013, Iosifidis pleaded guilty to counts one, three, and five of the information.

On September 30, 2014, the Court sentenced Iosifidis to 36 months for each count, to run concurrently. The sentence was a variance downward from the United States Sentencing Guidelines' range of 57 to 71 months for Iosifidis's total offense level of 25 and criminal history category of I pursuant to 18 U.S.C. § 3553(a)(2)(D) because Iosifidis suffers from congestive heart failure.

On July 31, 2014, the Court held an extensive hearing into both Iosifidis's condition and the Bureau of Prisons's ability to provide necessary care. Based on the Government's assurances that Iosifidis would be designated to a federal medical facility where he would receive specialized treatment, the Court twice directed that Iosifidis be confined to a federal medical facility. Specifically, the Court's November 3, 2014 Order required Iosifidis to surrender to Federal Medical Center ("FMC") Devens in Ayer, Massachusetts.

After receiving a letter from Iosifidis's defense counsel dated November 16, 2014, that informed the Court that FMC Devens staff had no knowledge of Iosifidis's condition when he arrived and designated Iosifidis to general population and placed him in a non-medical housing unit, the Court ordered the Government to show cause why an order directing Iosifidis to be released from

custody should not be entered. The Court conducted a hearing on the order on November 19, 2014, and concluded that FMC Devens had rectified the concerns raised by Iosifidis's counsel's letter.

On June 3, 2016, the Court received a letter dated May 24, 2016, from Iosifidis enclosing various medical records for the time period from February 23, 2015, through March 18, 2016, and requesting that the Court reduce his sentence to time served or place him in home confinement for the remainder of his sentence. The Government responded to Iosifidis's letter on June 8, 2016, opposing his request.

## II. Discussion

The Court construes Iosifidis's letter as a *pro se* motion to modify his sentence pursuant to 18 U.S.C. § 3582(c).

The express terms of § 3582 make clear that a federal court "may not modify a term of imprisonment once it has been imposed" on the grounds of compassionate release except "upon motion of the Director of the Bureau of Prisons." The Bureau of Prisons has promulgated regulations providing that any application for compassionate release pursuant to § 3582 must first be made to the warden at the correction facility housing the prisoner and must contain the following information:

> (1) The extraordinary or compelling circumstances the inmate believes warrant consideration.

>   (2) Proposed release plans, including where the inmate will reside, how the inmate will support himself/herself, and, if the basis for the request involves the inmate's health, information on where the inmate will receive medical treatment, and how the inmate will pay for such treatment.

28 C.F.R. § 571.61(a). Subsequent regulations detail how the warden is to handle requests that warrant approval or denial. See id. §§ 571.62-.63. "[C]ourts routinely dismiss motions for compassionate release pursuant to section 3582 when those motions are not brought by the Director of the BOP because it is within the sole discretion of the BOP to decide whether or not to file such a motion." Stewart v. United States, Nos. 13 Civ. 5279, 02 Cr. 0395, 2013 WL 4044756, at *5 (S.D.N.Y. Aug. 9, 2013) (collecting cases). Because Iosifidis makes this motion himself—without having requested the warden to make the motion on his behalf—this court lacks the jurisdiction to modify his sentence.

Alternatively, Iosifidis request that the Court order that he serve the remainder of his term of imprisonment on home confinement. The authority to place a prisoner in a community correctional facility or in home confinement is similarly vested in the Director of the Bureau of Prisons. See 18 U.S.C. § 3624(c)(1)-(2). Consequently, the Court lacks jurisdiction to

order that Iosifidis be placed in home confinement for the remainder of his term of imprisonment.

## Conclusion

Iosifidis pro se motion to modify his sentence pursuant to 18 U.S.C. § 3582(c) is DENIED without prejudice, because the Court lacks jurisdiction to modify the sentence except when the motion is made by the Director of the Bureau of Prisons.

**SO ORDERED.**

Dated:   June 9, 2016
         New York, New York

                                        _John F. Keenan_____
                                        John F. Keenan
                                        United States District Judge